■ DANIEL COWIN, Respondent, v STEPHEN M. ROSS et al., Appellants.—Order, Supreme Court, New York County, entered March 3, 1978, denying defendants' motion for summary judgment, reversed, on the law, and motion

granted, with $60 costs and disbursements of this appeal payable by plaintiff to defendants. Plaintiff was a limited partner and the defendants general partners in a venture entitled Haverstraw Associates. This venture successfully developed a complex (Haverstraw I) in Haverstraw, New York. Subsequently, the defendants formed a new limited partnership, West Haverstraw Associates, to develop a site (Haverstraw II) immediately adjacent to Haverstraw I. Plaintiff was given the opportunity of buying a 5% interest in West Haverstraw Associates but he rejected that offer. He claims, *inter alia,* that the defendants, in forming West Haverstraw Associates, misappropriated a partnership opportunity of Haverstraw Associates. The limited partnership agreement governing Haverstraw I contains a section 6.3 that reads, in relevant part, as follows: "Any Partner may engage independently or with others in other business ventures of every nature and description including, without limitation, the ownership, operation, management, syndication and development of real estate and neither the Partnership nor any Partners shall have any rights by reason of this Agreement in and to such independent ventures or the income or profits derived therefrom." It is clear from the above-quoted provision that the defendants acted within their contractual rights in forming West Haverstraw Associates. There was no necessity on their part to offer the plaintiff a limited share in that new venture. Plaintiff's argument based upon a technical violation of section 6.6(B) will not preclude an award of summary judgment in favor of defendants since he has not shown any actual damages by any breach thereof. Concur—Murphy, P. J., Evans, Lane and Markewich, JJ.; Silverman, J., dissents and would affirm for the reasons stated by Evans, J.